UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN LANDRY, ET AL                  CIVIL ACTION NO. 10-cv-0149

VERSUS                                JUDGE STAGG

J. C. PENNEY CORP., INC.            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

The court previously entered an order (Doc. 23) regarding the requirement that there be facts in the pleadings that establish the citizenship of the parties. The original pleadings contained information that Plaintiffs are citizens of Louisiana, and defendant Penney is a Delaware corporation with its principal place of business in Texas.

Counsel for Federal Heath followed the court's instructions and included in its answer allegations that established that LLC is deemed a citizen of Wisconsin. Counsel for ISS Facility Services, Inc. also complied by stating that ISS is a Delaware corporation with its principal place of business in Texas.

Defendant Johnson Controls, Inc. is described in the amended complaint as a foreign corporation authorized to do business in Louisiana. The court explained in the prior order that this is insufficient to determine Johnson's citizenship. Plaintiffs were directed to serve Johnson with their complaint, as amended, and a copy of the order. Johnson was directed to include in the corporation's answer specific allegations of the corporation's (1) state of

incorporation and (2) principal place of business. Johnson recently filed an answer and a corporate disclosure statement. Neither filing includes the information required by the order.

Valley Forge Insurance Company recently filed a complaint in intervention to seek reimbursement from the proceeds of the case for worker compensation benefits that it paid to or on behalf of Mr. Landry. Valley Forge's pleading does not contain information regarding its citizenship, which is necessary to ensure the court has jurisdiction. See Dushane v. Gallagher Kaiser Corp., 2005 WL 1959151 (W. D. La. 2005) (discussing worker compensation intervenors and diversity jurisdiction). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). The current allegations that Valley Forge is a "foreign insurer" authorized to do business in Louisiana are inadequate.

**Valley Forge** is directed to file a motion for leave to file an amended complaint in intervention to set forth its (1) state of incorporation, and (2) principal place of business. **Johnson Controls, Inc.** is directed to file a motion for leave to file an amended answer to set forth its (1) state of incorporation, and (2) principal place of business. The deadline for compliance is **September 13, 2010**. The motions must comply with Local Rule 7.6W.

As stated in the prior order, the court will determine subject matter jurisdiction after the amendments are filed and, if jurisdiction exists, set a scheduling conference to discuss

further proceedings. If subject matter jurisdiction is not present, the case will be subject to remand.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of August, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE